NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEOPRIC K. BLOODSAW, ) | | No. C 07-4200 JF (PR) |
| ) | | |
| ) | | ORDER OF DISMISSAL WITH |
| Plaintiff, ) | | LEAVE TO AMEND |
| ) | | |
| vs. ) | | |
| ) | | |
| ) | | |
| J.S. WOODFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") employees and the former San Quentin State Prison ("SQSP") Warden. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will DISMISS the complaint with leave to amend.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

**B.    Plaintiff's Claim**

In the complaint, Plaintiff alleges " . . . [l]ack of jurisdiction over subject matter, deprivation of rights, Inducement, Harassment" as to Defendants Terry, Lyons, and Stevenson. Complaint at 3. Plaintiff claims that he was a victim of a crime. He alleges that the Lieutenant failed to investigate and is aware of Plaintiff's false imprisonment. Plaintiff also asserts that he is entitled to single cell housing. Complaint at 3-4.

Plaintiff's claim fails at the outset because he fails to set forth specific facts showing how each Defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights." Leer, 844 F.2d at 634. But here, Plaintiff alleges general facts without explaining the actions of each Defendant involved. As such, Plaintiff fails to link the Defendants to his claim. Accordingly, the complaint does not state a cognizable claim against any of the named

1 Defendants.

2 Furthermore, the complaint does not meet the requirement of Federal Rule of Civil
3 Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that
4 the pleader is entitled to relief." It is generalized and lacking in detail that requiring Defendants
5 to attempt to frame a response to it would be unfair. The lack of detail also prevents the Court
6 from determining whether the complaint warrants service on Defendants. For example,
7 Plaintiff's makes a general claim of "[l]ack of jurisdiction over subject matter, deprivation of
8 rights, Inducement, Harassment." Complaint at 3. Defendants would be hard-pressed to respond
9 to the claim because Plaintiff does not specify when it occurred and does not provide any details
10 as to the specific actions of the individual Defendants.

11 Plaintiff must allege facts supporting his claim against each individual Defendant
12 separately in his amended complaint showing his entitlement to relief from each Defendant.
13 Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to
14 do, and describe how each Defendant's acts or omissions caused him injury. He should not refer
15 to the Defendants as a group, i.e., "the Defendants;" rather, he should identify each involved
16 Defendant by name and link each of them to a specific claim by explaining what each Defendant
17 did or failed to do that caused a violation of his constitutional rights.

18 Plaintiff fails to allege any connection with Defendant Jeanne Woodford to his claim.
19 Additionally, Plaintiff is cautioned that there is no respondeat superior liability under Section
20 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an
21 employee. Liability under Section 1983 arises only upon a showing of personal participation by
22 the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable
23 under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation
24 or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
25 constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)
26 (en banc) (citation omitted).

27 Plaintiff will be given leave to amend the complaint to cure these deficiencies.
28 Accordingly, the Court grants Plaintiff leave to file an amended complaint **within thirty (30)**

**days** of the date this order is filed to include sufficient facts to support his claim against each Defendant and the alleged constitutional violation he suffered.

## CONCLUSION

1.  Plaintiff's complaint is DISMISSED with leave to amend, as indicated above, **within thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (07-4200 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims and name all Defendants in the amended complaint. **Failure to file an amended complaint within the designated time will result in the Court dismissing the complaint without prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983.**

2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/9/08

JEREMY FOGEL
United States District Judge