1
2
3
4
5
6
7
8                          NOT FOR CITATION
9            IN THE UNITED STATES DISTRICT COURT
10          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12   THEOPRIC K. BLOODSAW,              )
                                        )      No. C 07-04200 JF (PR)
13                 Plaintiff,           )
                                        )
14        vs.                           )      ORDER OF DISMISSAL;
                                        )      VACATING ORDER GRANTING
15   J. S. WOODFORD, et al.,            )      *IN FORMA PAUPERIS* STATUS
                                        )
16                 Defendant(s).        )
                                        )
17   _____)
18

19         Plaintiff, a California state prisoner and frequent litigant in this Court, has

20   filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  He seeks to

21   proceed in forma pauperis under 28 U.S.C. § 1915.  The complaint was dismissed

22   with leave to amend, and Plaintiff was granted leave to proceed in forma pauperis.

23   However, the Court reviewed Plaintiff's history of filing complaints in pro se and

24   determined that Plaintiff may be ineligible for pauper status in this matter.  (See

25   Docket No. 9.)  On August 26, 2008, the Court ordered Plaintiff to show cause why

26   the action should not be dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively,

27   pay the full filing fee within thirty days of the order.  See Andrews v. King, 398 F.3d

28   1113, 1121 (9th Cir. 2005).  The deadline has since passed, and Plaintiff has neither

United States District Court
For the Northern District of California

1   filed a response nor paid the full filing fee.

2   The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

3   became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

4   action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

5   prior occasions, while incarcerated or detained in any facility, brought an action or

6   appeal in a court of the United States that was dismissed on the grounds that it is

7   frivolous, malicious, or fails to state a claim upon which relief may be granted,

8   unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

9   § 1915(g).  Section 1915(g) requires that this court consider prisoner actions

10  dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

11  128 F.3d 1310, 1311-12 (9th Cir. 1997).

12  For purposes of a dismissal that may be counted under § 1915(g), the phrase

13  "fails to state a claim on which relief may be granted" parallels the language of

14  Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the

15  word "frivolous" refers to a case that is "of little weight or importance: having no

16  basis in law or fact," and the word "malicious" refers to a case "failed with the

17  'intention or desire to harm another.'" Andrews, 398 F.3d at 1121.  Only cases

18  within one of these three categories can be counted as strikes for § 1915(g) purposes.

19  See id.  Dismissal of an action under § 1915(g) should only occur when, "after

20  careful evaluation of the order dismissing an [earlier] action, and other relevant

21  information, the district court determines that the action was dismissed because it

22  was frivolous, malicious or failed to state a claim." Id.

23  Here, plaintiff has had three or more prisoner actions/appeals dismissed by a

24  federal court on the grounds that they are frivolous, malicious, or fail to state a claim

25  upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal.

26  May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2)

27  Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw

28  v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1    <u>Yarborough</u>, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) <u>Bloodsaw v.</u>

2    <u>Matusinka</u>, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon

3    immunity of defendants and pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994));

4    and (6) <u>Bloodsaw v Parker</u>, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).

5    Plaintiff therefore may proceed <u>in</u> <u>forma</u> <u>pauperis</u> only if he is seeking relief from a

6    danger of serious physical injury which is "imminent" at the time of filing.  <u>See</u>

7    <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); <u>Medberry v.</u>

8    <u>Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715,

9    717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).  Plaintiff is

10   not.

11        Because plaintiff has had three or more prior dismissals and is not under

12   imminent danger of serious physical injury, plaintiff is not eligible to proceed <u>in</u>

13   <u>forma</u> <u>pauperis</u> on this action under 28 U.S.C. § 1915(g).  Accordingly, order

14   granting leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 3) is VACATED.  The

15   motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 2) is DENIED.  The instant action

16   is DISMISSED without prejudice to bringing it in a paid complaint.

17        IT IS SO ORDERED.

18

19   DATED: _____10/30/08_____

20                                          JEREMY FOGEL
                                            United States District Judge

21

22

23

24

25

26

27

28